IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

```
MICHAEL BLUMENTHAL,              )
                                 )
          Plaintiff,             )     8:11CV25
                                 )
     v.                          )
                                 )
JERRY CRONK, CHERYL CRONK,       )     MEMORANDUM AND ORDER
RONALD CRONK, COLEEN             )
LANGDON, JEROME LANGDON,         )
PHILLIP CRONK, LORRAINE          )
CRONK, RYAN CRONK, and           )
HEATHER ANSELMO,                 )
                                 )
          Defendants.            )
_____)
```

This matter is before the Court upon the motions to dismiss of defendants Jerry Cronk, Cheryl Cronk, Ronald Cronk, Coleen Langdon, Jerome Langdon, Phillip Cronk, and Ryan Cronk ("the Cronks") (Filing No. 31) and defendant Heather Anselmo (Filing No. 35) (collectively, "Motion Defendants") pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(3), and 12(b)(7) (lack of subject matter jurisdiction, improper venue, and failure to join a required party). The Cronks also filed a brief (Filing No. 34) and an index of evidence (Filing No. 32) in support of their motion, to which Heather Anselmo "expresses her reference to and reliance on the same" (Filing No. 35, at 5). Defendant Lorraine Cronk did not join in either motion. In addition, the Cronks and Heather Anselmo each filed a "Notice and Suggestion to Refer Case to Bankruptcy Court" (Filing Nos. 33 and 36).

Plaintiff Michael Blumenthal (Blumenthal) brought this action against defendants pursuant to 28 U.S.C. § 1332, diversity jurisdiction, for "assumpsit," "constructive trust," and "fraudulent transfer" (Amended Complaint, Filing No. 3). Blumenthal claims that he loaned a total of $1,585,000 to Matthew Anselmo (husband of Heather Anselmo). Blumenthal further claims that Matthew Anselmo subsequently transferred the $1,585,000 to Heather Anselmo and the other named defendants, who are all family members of Heather Anselmo. Blumenthal claims that the loan to Matthew Anselmo is now due and that the money transferred to the defendants "is stolen property and accordingly title to the property remain[s] in Plaintiff" (Filing No. 3, at 4).

The Moving Defendants made a voluntary appearance in this case on June 7, 2011. Defendant Lorraine Cronk did not join them. Summons was returned unexecuted as to Lorraine Cronk on June 2, 2011 (Filing No. 26).

On August 5, 2011, Blumenthal's attorney, Joel Carney, moved to withdraw his representation, stating that Blumenthal "has instructed the firm to withdraw and he plans to retain substitute counsel" (Filing No. 40). The Moving Defendants did not object to the motion to withdraw but requested that Blumenthal be required to retain an attorney "who is both a resident of this district and a member of this Court's bar pursuant to NEGenR 1.7(i)" because Blumenthal "has demonstrated

-2-

his willingness to make litigation personal with opposing counsel and use that as a litigation tactic, and at the same time has not communicated adequately with his own counsel which does not bode well for communicating with opposing counsel" (Filing No. 41). On September 9, 2011, The Court granted the motion to withdraw as counsel but reserved ruling "on defendants' request until plaintiff has selected substitute counsel" (Filing No. 43). To date, substitute counsel for Blumenthal has not made an appearance with the Court.

In addition, Blumenthal has not filed briefs in opposition to the motions to dismiss, which were due on August 31, 2011. "Failure to file an opposing brief is not considered a confession of a motion but precludes the opposing party from contesting the moving party's statement of facts." NECivR 7.0.1(b)(1)(C). Thus the Court will assume that the Moving Defendants' statement of the facts are established. Blumenthal has also not responded to the Moving Defendants' notice and suggestion to refer the case to Bankruptcy Court.

Blumenthal previously filed a related case in this Court. On March 10, 2008, Blumenthal registered a judgment in the United States District Court, District of Nebraska (Judge Laurie Smith Camp, 8:08CV258) from the United States District Court, Northern District of Illinois, in favor of plaintiff Blumenthal and against defendants Matthew Anselmo and M & M

Marketing, L.L.C. ("M & M"), whose sole member and manager is Matthew Anselmo (Ex. 1, Filing No. 32, at 74). The subject of that action was the same loan at issue here. In that action, present defendants Philip Cronk, Jerry Cronk, and Jerry Langdon ("the Garnishees") were issued summonses as garnishees. The Garnishees filed a suggestion of bankruptcy with the Court as to M & M, and Judge Smith Camp issued an order referring the action to the United States Bankruptcy Court for the District of Nebraska. "All cases under Title 11 of the United States Code, and all proceedings arising under Title 11 or related to a case brought under Title 11, are referred to the bankruptcy court of this district under 28 U.S.C. § 157." NEGenR 1.5(a).

Here, the Moving Defendants claim that Blumenthal has filed this new action, omitting M & M as a defendant, in order to escape the jurisdiction of the bankruptcy court, where the proceedings are ongoing. The defendants claim that M & M is a necessary party under the Federal Rules of Civil Procedure because "in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). In support of this claim, defendants cite representations made by Blumenthal not only to this Court, but also to the United States District Court for the Northern District of Illinois, the United States Bankruptcy Court for the District of Nebraska, and the Eighth Circuit Bankruptcy Appellate

Panel, that Blumenthal lent the $1,585,000 to both Matthew Anselmo and M & M, such that Blumenthal is a judgment creditor of M & M via the Illinois lawsuit (Filing No. 34).

After reviewing the motions, briefs, pleadings, evidence, and relevant law, the Court finds that M & M is a necessary party to this action.  The Court will grant the motion to join M & M pursuant to Federal Rule of Civil Procedure 12(b)(7).

The Court will then refer this action to the United States Bankruptcy Court, District of Nebraska, pursuant to NEGenR 1.5(a).  The motions to dismiss for lack of subject matter jurisdiction and improper venue will be denied.  Accordingly,

IT IS ORDERED:

1) The motion to join M & M Marketing, L.L.C. as a necessary party is granted.

2) The motions to dismiss for lack of subject matter jurisdiction and improper venue are denied.

3) This case is referred to the United States Bankruptcy Court, District of Nebraska, as a related case to BK-09-81458.

4) This case shall be terminated for statistical purposes by the Clerk of the United States District Court for the District of Nebraska.

5) The Clerk of the United States District Court for the District of Nebraska shall transmit the court file for this case to the Clerk of the United States Bankruptcy Court for the District of Nebraska.

DATED this 3rd day of October, 2011.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court